Judge Underwood
delivered the Opinion of the Court.
As a petition for a rehearing has been presented, we deem it proper to state the point which governed the decision of' the case. We do not suppose that four hundred dollars divided between Messrs. Haggin, Monroe and Sanders, as counsel, for their services in defending the son of Major, upon an indictment for murder, could be regarded as an exorbitant fee to each. There is no law regulating the amount of the fee which an attorney may demand of his client. Unless there be a special contradt, the law fixes the compensation according to the valúe of the services rendered. Contra'cts between attorney and client, are strictly and rigorously examined by the chancellor. Whenever the contract grows out of circumstances superinduced by the attorney, and by which the will of the client is made-to bend and yield to his influence, and iri consequence, to assent to the payment of an amount which otherwise never would have been agreed to, relief should be afforded.
We look upon Major, the father, as the client. . The contract now the subject of investigation was entered into after the relation of attorney and client had been *229 fully established. The father had employed T. T. Crittenden, at one hundred dollars, and Sanders, without a stipulated sum, as counsel for the son. The services of these two were relied on exclusively, up to the moment when the trial was to commence. The court, however, refused to let Mr. Sanders appear as counsel in the defence, because he had disqualified himself to practice law by the acceptance of a challenge to fight a duel. He thereupon, introduced Messrs. Haggin and Monroe, as his substitutes ; for it does not appear, that the accused, or his father, had spoken to either of them to defend the prisoner before Mr. Sanders was rejected by the court. When Messrs. Haggin and Monroe were introduced, and took upon themselves the defence, the court was moved to postpone the trial several days, to allow them time for preparation. The court took a recess for an hour. This time was devoted to arranging the fees. At first five hundred dollars was asked. Major refused to give it. Pour hundred dollars were t'hen proposed as the amount to be divided between'Messrs. Haggin, Monroe and Sanders. Major reluctantly assented, and gave his notes for one hundred dollars, to Mr. Haggin, one hun dred dollars to Mr. Monroe, and two hundred dollars to Mr. Sanders. This, however, was not done until Major had directed that another attorney should be sent for, and was informed that he had left town, and until Major was told that Messrs. Monroe and Haggin would abandon the defence unless he gave his notes as required. Moreover, Mr. Sanders, according, to the proof, told Major, before he gave the notes,.“ tó do it, so that they might progress with the case, and that on his part, he would make it easy with him; that those other lawyers wished him not to be loser in consequence of.his misfortune in accepting a challenge.” .Major was told, but by whom the witness does not state, that unless he came into the proposed arrangement as to the fees,'his son would lie in jail until the next court. Major protested against paying the note given to Sanders, at the time; at least, such was the fact according to one witness.
Now, we think it impossible to view the facts aforesaid, and the other circumstances in the case, without *230 coining to the conclusion, that Major submitted to the influence of Sanders, and the necessity imposed on him, growing out of the voluntary conduct of Sanders, in disqualifying himself for the practice of law. In the situation in which Major was placed, he was compelled to commit the defence of bis son to one attorney only, or to delay the trial until another term, and suffer the prisoner to remain in jail, or to hunt for, and engage, other counsel at the instant when the trial was pressing, and when .the attorney he would have selected had left town, as he was informed ; or to give his notes as required. If Mr. Sanders, upon disqualifying himself for the practice, had not continued to excite the belief, that the court, upon the petition of the prisoner, would allow him to act as counsel in the defence, Major might have prepared himself with another attorney, to associate with Mr. Crittenden, in the place of Mr. Sanders. Judging from the amount of fees actually paid to the attorneys in this case, we cannot resist the conviction, that', if Major had been allowed sufficient time, he could have procured a substitute for Mr. Sanders at three hundred dollars, being one hundred dollars less than the aggregate of the notes executed to Meásrs. Haggin, Monroe and Sanders. Major was deprived of an opportunity to do this, by the conduct of Sanders ; and therefore we think it wrong, that advantage should be taken of the urgency of the circumstances which surrounded him. Believing that it was a mistake on the part of Sanders, in supposing he would he allowed to defend, notwithstanding his acceptance of the challenge, and not an intentional misrepresentation, yet the mistake operated as severely as if it had been a fraud.
We think there is no error as to the.extent of relief afforded. Sanders received twenty or "thirty dollars for services rendered in the cause, exclusive of the note for two hundred dollars. It does not appear, that his services in court were more valuable than those of either of the other attorneys engaged in the defence. The amount which they received is a fair criterion by which to estimate his services. The decree must be affirmed, with costs.